IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**STATE FARM FIRE & CASUALTY COMPANY**
**ONE STATE FARM PLAZA**
**BLOOMINGTON, IL  61710**
      Plaintiff

   v.

**VIVINT SOLAR DEVELOPER, LLC**
**1800 W. ASHTON BOULEVARD**
**LEHI, UT  84043**
      Defendant

CIVIL ACTION NO.:

## COMPLAINT

Plaintiff, State Farm Fire & Casualty Company ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendant, Vivint Solar Developer, LLC ("Defendant"), complaining against it as follows:

### PARTIES

1. Plaintiff is an Illinois corporation with its principal place of business at the above-captioned address.

2. At all relevant times, Plaintiff was authorized to provide in Pennsylvania the insurance described herein.

3. At all relevant times, Plaintiff provided – via an in-force policy – homeowner insurance to William Fetsch ("subrogor") in connection with his residential property at 21 Island Road in Levittown, Pennsylvania ("subject property").

4. As a result of related claims made on said policy in the wake of the incident described below, Plaintiff became subrogated to certain recovery rights and interests of subrogor (i.e. for monies paid per the policy), including the claims asserted in this action.

5. Defendant is a Utah-based limited-liability company with its principal place of business at the above-captioned address; it is a wholly-owned subsidiary of California-based Sunrun, Inc.

6. At all relevant times, Defendant was engaged in the business of, *inter alia*, installing solar panels on residences.

## JURISDICTION AND VENUE

7. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and/or countries; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

8. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## FACTUAL BACKGROUND

9. Plaintiff incorporates by reference the preceding paragraphs as though repeated at length here.

10. Upon information and belief, prior to April 27, 2022, pursuant to a contract, subrogor retained Defendant to install solar panels at the subject property.

11. On or about April 27, 2022, a fire occurred at the subject property.

12. Investigation into the fire's cause revealed that it resulted from Defendant's improper installation of the solar panels; specifically, a failure of the solar equipment resulted in ignition of nearby combustible materials (i.e. a nest), and/or an animal was foreseeably able to build a nest under the panels and the nesting materials were heated to the point of ignition by the optimizer.

13. The fire caused significant damages and other harms to subrogor in a total amount

in excess of $150,000.00; said damages/harms were directly and proximately caused by Defendant as is more fully described below.

14. Subrogor submitted claims to Plaintiff pursuant to the aforementioned insurance policy; Plaintiff paid such claims consistent with the terms and conditions thereof, thereby becoming subrogated to the recovery being pursued in this action.

## COUNT I – NEGLIGENCE

15. Plaintiff repeats the allegations stated in the prior paragraphs of this Complaint as though they were restated at length here.

16. Defendant owed subrogor a duty of care to refrain from engaging in conduct that created a foreseeable likelihood of harm to the subject property.

17. Through proper actions of its own actions, oversight, direction and work inspection, Defendant would have known or should have known of the associated and inherent risks associated with the improper installation of solar panels at the subject property.

18. At all relevant times, Defendant failed to safely, properly and adequately install the solar panels at the subject property, and/or see to it that such was done by others over whom it had control.

19. As a result of such improper actions and inactions, Defendant created a dangerous condition and foreseeable risk of harm of the kind suffered by subrogor.

20. Defendant was negligent and/or acted inconsistent with the applicable standard of care in:

> (a) failing to exercise reasonable care in the performance of its duties at the subject property, including but not limited to negligently failing to competently perform the solar panels' installation, or see to it that such was done properly;

(b) failing to adequately warn subrogor of the dangers resulting from the failure to exercise reasonable care as described above in subparagraph (a);

(c) failing to establish proper and adequate controls so as to ensure the proper performance of the tasks described in subparagraph (a) above;

(d) failing to perform the tasks described in subparagraph (a) in conformity with prevailing industry and governmental customs and standards;

(e) failing to retain competent, qualified and/or able agents, subcontractors, employees or servants to perform the tasks described in subparagraph (a) above; and/or

(f) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry norms applicable to Defendant's undertaking at the subject property.

21. As a result of the damages directly and proximately caused by Defendant's negligent and standard-non-compliant actions or omissions, subrogor sustained and incurred losses to his property (and other harms besides) in an amount in excess of $150,000.00.

22. Defendant owed a duty to subrogor to properly and safely conduct the work performed at the subject property without creating an unreasonable risk of harm to subrogor's property; Defendant breached this duty, and its breach of duty proximately caused damage to subrogor's property.

23. Subrogor thereby sustained and incurred the above-described damages in an amount in excess of $150,000.00.

24. Thereafter, subrogor submitted claims to Plaintiff pursuant to the aforementioned insurance policy; Plaintiff paid such claims consistent with the terms and conditions of said policy, thereby becoming subrogated to the recovery being pursued in this action.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant in an amount in excess of $150,000.00, plus interest, costs of suit, delay damages, and such other relief as this Honorable Court deems appropriate under the circumstances.

### COUNT II – BREACH OF CONTRACT

25. Plaintiff repeats the allegations stated in the prior paragraphs of this Complaint as though they were restated at length here.

26. Based upon the contract existing between the subrogor and Defendant, Defendant expressly and/or impliedly promised that the activities it undertook in connection with the installation of solar panels at the subject property would be done in a good and workmanlike manner, consistent with the express and/or implied terms of said contract.

27. If it had been reduced to writing, Plaintiff is not currently in possession of a copy of said contract; however, it believes that Defendant is in possession thereof, or that Defendant is in a superior position to obtain a copy thereof compared with Plaintiff; thus, Defendant is not prejudiced by Plaintiff's inability to append a copy hereto.

28. Impliedly and/or expressly, pursuant to the contract, Defendant was obligated to comply with all applicable federal, state and local laws, regulations and ordinances, as well as all industry standards, customs and practices.

29. Based upon the facts and allegations herein stated, Defendant breached the above-described contract.

30. Subrogor performed all conditions precedent to recover based upon such contractual breaches.

31. As a direct and proximate result of these contractual breaches, subrogor

suffered the aforementioned damages to his property, as well as additional harms besides, in an amount in excess of $150,000.00; to the extent these damages were paid pursuant to subrogor's insurance policy, Plaintiff became subrogated to recovery thereon.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant in an amount in excess of $150,000.00, plus interest, costs of suit, delay damages, and such other relief as this Honorable Court deems appropriate under the circumstances.

### COUNT III – BREACH OF IMPLIED WARRANTIES

32. Plaintiff repeats the allegations stated in the prior paragraphs of this Complaint as though they were restated at length here.

33. In furtherance of the above-described services performed, Defendant had impliedly warranted that all work done would be accomplished in a reasonably workmanlike manner, and/or with quality workmanship, thereby creating a habitable property.

34. Based upon the above-described improper conduct by Defendant (personally and/or through its servants, employees, subcontractors and/or agents as set forth above), Defendant breached these warranties.

35. Subrogor performed all conditions precedent to recovery based upon such warranty breaches.

36. As a direct and proximate result of these warranty breaches, subrogor suffered the aforementioned damages to his property, as well as additional harms besides, in an amount in excess of $150,000.00; to the extent these damages were paid pursuant to subrogor's insurance policy, Plaintiff became subrogated to recovery thereon.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant in an amount in excess of $150,000.00, plus interest, costs of suit, delay damages, and such other relief as this Honorable Court deems appropriate under the circumstances.

de LUCA LEVINE LLC

BY:    */s/ Daniel J. de Luca*
      DANIEL J. de LUCA,
      Attorneys for Plaintiff
      PA ATTY I.D. NO.: 74727
      301 E. Germantown Pike, 3rd Floor
      East Norriton, PA  19401
      Ph:     215-383-0081
      Fx:     215-383-0082
      ddeluca@delucalevine.com

**Dated:**  July 5, 2023