# Law Offices of W. Kelly McWilliams*

*Employees of a Subsidiary of The Hartford Financial Services Group, Inc.*

\* Not a Partnership or Professional Corporation

| | |
|---|---|
| 1515 Market Street, Suite 1802, <br> Philadelphia, PA 19102 <br><br> OFFICE:  Telephone (215) 564-3042 <br> Facsimile (877) 369-5790 | ***Charles W. Sweeney, III, Esquire*** <br><br> Admitted in Pennsylvania and New Jersey <br> Direct Dial:  (215) 446-7665 <br> Email Address: <br> Charles.Sweeney@thehartford.com |

July 15, 2024

The Honorable Mitchell S. Goldberg
U.S. Eastern District Court
601 Market Street
Philadelphia, PA 19106

**RE:**   **State Farm Fire & Casualty Co. v. Vivint Solar Developer, LLC et al**
          **Case 2:23-cv-02561-MS**

Dear Judge Goldberg:

This correspondence is Defendant's, Vivint Solar Developer, letter brief, in regard to severing the bankrupt Third Party Defendant, Vison Solar, which you have requested.

**A.      Facts**

The Complaint alleges that State Farm Fire & Casualty Company ("Plaintiff") insured William Fetsch, who resided at 21 Island Road in Levittown, PA.  Mr. Fetsch hired the Defendant, Vivint Solar Developer, LLC ("Vivint") to install solar panels on the roof of his home.  On 4-27-22, a fire took place on the roof.  It is alleged that the fire started due to the fact that a bird's nest was built under the solar panels and the nesting materials were heated to the point of ignition by an optimizer.  Plaintiff asserts alternative counts for (1) the negligent install

of the solar panels and negligent hiring of a competent subcontractor for the install (2) breach of contract and (3) breach of implied warranties.

It was subsequently determined that Vivint had entered into a contract with Vison Solar, LLC, ("Vision") for the work that was done.  As a result, Defendant Vivint joined Vision as a Third Party Defendant to the litigation.  Shortly after the joinder, Vision filed for bankruptcy, which has stayed the case. Plaintiff has requested that Vision be severed from litigation.  This correspondence is in opposition of that request.

**B.     Vision should not be severed from this case.**

In Abrams v. Integrated Pro Serv., 2015 U.S. Dist. LEXIS 158679, the District Court for the Eastern District of Louisiana, relying on 5th circuit cases, set forth the criteria that should be used in deciding whether to serve a party from case:

> District courts have broad discretion to sever issues to be tried before them. *Brunet v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994)*. In deciding whether to sever, courts applying the uniform standard referenced above consider:
>
> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the posture of discovery as to the respective claims suggest they should not be tried jointly; (3) whether the claims present common questions of fact or law; (4) whether the claims will require testimony of different witnesses and documentary proof; and (5) the prejudice to either party in the event separate trials are ordered. Citations omitted."The party seeking severance under *Rule 21* or separate trials under *Rule 42(b)* bears the burden of proving that such action is necessary… Citations omitted.

In Abrams, the court stayed the entire case until the bankruptcy stay was lifted after evaluating the above factors.

When applying the above factors to the instant case:

1. The claims arise out of the same transactions and occurrence.

Plaintiff is claiming that the fire was due to negligent installation of the solar panels. Vision was responsible for the installation. The fire at the property is a singular occurrence. Those facts mitigate towards not severing Vision from the case. Severance of Vision will result in 2 separate trials which would be a waste of judicial resources. In addition, two (2) separate trials could result in inconsistent verdicts.

2. No discovery has been completed yet.

Based on the bankruptcy, no discovery has been completed yet. However, to date there are no factual issues that mitigates towards severance.

3. This case involves common questions of law and fact.

As noted above, it is alleged that there was a fire on the roof of Mr. Fetsch's property due to nesting material near the solar panels. The claims set forth by Plaintiff in its Complaint will present common questions of law and fact as to how the fire started and who was legally responsible to monitor for animals nesting on the roof. Those facts and issues could create inconsistent jury verdicts if two (2) separate trials are held. As a result, Vision should not be severed from the instant case.

4. The claims will require the same witnesses and documentary proof.

It is expected that the witnesses will be the same whether or not Vision remains in the case.

5. The prejudice to Vivint far exceeds any prejudice to Plaintiff.

Section 362 of the Bankruptcy Code provides that all litigation against the bankrupt party is stayed. As a result, no discovery has taken place. Vivint has no idea what work Vision completed, how it was completed or even if there is any paperwork or pictures of the completed

installation.  Those records may provide defenses against Plaintiff's claims and Vivint has no other way to get those records at the current time and would be prejudiced in preparing its defense .  It is possible that Vision subcontracted the installation work to another party that Vivint does not even know about at the current time. The only prejudice that Plaintiff will actually suffer is a delay in the trial.   That delay is minor when comparted to the inability of Vivint to obtain discovery from Vision which may provide defenses to Plaintiff's claims.

C.	An alternate solution to the severance issue.

Since Vision is in bankruptcy, this Court should be careful in making any decision which could affect the bankrupt party's rights.  In various cases over the years, I have seen Plaintiff's counsel in other cases involving bankrupt defendants file a Motion with the bankruptcy court to lift the stay in exchange for Plaintiff agreeing to not seek reimbursement for any verdict in excess of the liability insurance policy for the bankrupt party.  I have never seen a bankruptcy court deny that type of motion.   If the bankruptcy court granted that motion, this case could proceed in a timely fashion, Vision would be an active Defendant and Vivint could obtain the information it needs from Vision to defend the case.

Respectfully submitted,

Charles W. Sweeney,III, Esq.
Attorney for Vivint Solar Developer

CWS/hmc