

Daniel J. de Luca
*Direct:*  215.383.0166
*Cell:*  215.588.6800
ddeluca@delucalevine.com

July 15, 2024

**VIA ECF ONLY:**
The Honorable Mitchell S. Goldberg
U.S. District Court for the Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA  19106

        Re:    **State Farm v. Vivint v. Vision**
                **Civil Docket No.:  2:23-cv-02561**

Dear Judge Goldberg:

      I represent Plaintiff State Farm in the referenced matter, a property-subrogation case involving a fire allegedly caused by the improper installation of solar panels and related wiring. Please accept this letter brief in response to the Court's Order of July 1st regarding whether the Complaint against Defendant/Third-Party Plaintiff Vivint should proceed despite the bankruptcy proceedings involving Third-Party Defendant Vison.  As Your Honor is aware, Plaintiff takes the position that the proceedings against Vivint should proceed unaffected by Vision's bankruptcy proceedings.  Here's why:

      Case law in the Third Circuit, the Eastern District of Pennsylvania, and the Commonwealth of Pennsylvania strongly supports the firm principle that "the automatic stay protections afforded a debtor under 11 U.S.C. § 362 do not apply to non-debtor third parties." *Dime Sav. Bank, FSB v. Greene*, 2002 PA Super 392, ¶ 7, 813 A.2d 893, 896 (2002), citing *Bankers Trust Co. v. Tax Claim Bureau*, 723 A.2d 1092, 1094 (Pa.Cmwlth.1999).  While Vision is the Third-Party Defendant in this matter, from the perspective of the bankruptcy proceedings, Vivint – the original Defendant – is the "non-debtor third party" referred to by *Dime Sav. Bank, FSB v. Greene.*

      Thus, Plaintiff submits that the analysis need go no further than the foregoing statement of the rule.  But to the extent the Court would value an illustration of the principles in action, the Eastern District case of *Forcine Concrete & Const. Co. v. Manning Equip. Sales & Serv.*, 426 B.R. 520 (E.D. Pa. 2010) provides an descriptive example.  In *Forcine*, the plaintiff sued five defendants.  A stay was issued on the entire action when one defendant initiated bankruptcy proceedings.  The plaintiff filed a Motion from Relief from Automatic Stay, arguing that the stay protected only the one particular defendant, and not the others.  The Court agreed, stating:

> Forcine is correct that, while the automatic stay is very broad, as a general matter it "stays actions only against a debtor." *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509 (3d Cir.1997) (internal quotation marks

> omitted). Indeed, "'[i]t is universally acknowledged that an automatic stay of proceedings accorded by §362 may not be invoked by entities such as sureties, guarantors, or others with a similar legal or factual nexus to the ... debtor.'" *523 *Id*. at 509–510 (quoting *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir.1991)) (internal quotation marks omitted). The stay also generally "does not bar an action against the principal of a debtor-corporation." *Maritime Elec. Co.*, 959 F.2d at 1205.

*Forcine Concrete & Const. Co. v. Manning Equip. Sales & Serv.,* 426 B.R. 520, 522–23 (E.D. Pa. 2010). The Court went on to note two exceptions to the general rule, where under certain "unusual circumstances … courts have extended the automatic stay to non-bankrupt codefendants." *Id*. at 523. The first exception is when "stay protection is essential to the debtor's efforts of reorganization," which was neither applicable in *Forcine*, nor in the instant matter. The second exception is

> where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.

*Id*. In the instant matter, there is – according to the record – no argument, assertion, or factual information supporting the proposition that there is any such identity between Vivint and Vision. Should Plaintiff's suit achieve a judgment against Vivint, it does not follow that such judgment would be in effect a judgment or finding against Vision. Vivint and Vision are entirely separate companies; a judgment against Vivint would not act as a judgment against Vision.

Thus, because the protections of the automatic stay under Federal bankruptcy law do not extend to other parties in a case, Plaintiff respectfully requests that the Court allow this litigation to proceed, and that the parties be directed to draft a scheduling order under which discovery can move forward.

Naturally, should the Court wish to hear further as to this issue, counsel would be happy to comply. Meanwhile, as always, Your Honor's attention and courtesy are appreciated.

                                                  **Respectfully submitted,**

                                                  de LUCA LEVINE LLC

                                                  **DANIEL J. de LUCA**

DD/tj
cc:    Charles S. Sweeney, Esquire
         Matthew A. Lipman, Esquire
         Andrew D. Swain, Esquire